STATE OF NORTH CAROLINA v. JAKE DAVIS

No. 7726SC1052

(Filed 6 June 1978)

**Assault and Battery § 14.4— assault with deadly weapon inflicting serious injury—sufficiency of evidence**

> In a prosecution for assault with a deadly weapon inflicting serious injury, evidence was sufficient to be submitted to the jury where it tended to show that a witness saw defendant shoot the victim, and defendant confessed to the shooting.

APPEAL by defendant from *Martin (Harry C.), Judge.* Judgment entered 26 July 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 25 April 1978.

Defendant was convicted of assault with a deadly weapon inflicting serious injury. Judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Associate Attorney Thomas F. Moffitt, for the State.*

*Public Defender Michael S. Scofield, by Assistant Public Defender Fritz Y. Mercer, Jr., for defendant appellant.*

VAUGHN, Judge.

We first note that the appeal is subject to dismissal for failure to comply with the Rules of Appellate Procedure. The record on appeal was settled by stipulation on 28 September 1977. Instead of causing it to be certified by the clerk within 10 days as required by Rule 11(e), the appellant allowed the case to lie dormant until 20 December 1977, when he caused it to be certified by the clerk. We have elected, however, to afford defendant the appellate review he seeks through publicly paid counsel.

The only assignment of error is one in which defendant contends the evidence was insufficient to take the case to the jury. The argument is, at best, tedious in the light of the following evidence. About 1:00 a.m. on 11 February 1977, defendant was on Belmont Street in Charlotte with a loaded .22 caliber rifle. He had said something about killing someone that night. He attempted to

intervene in a frolic between Reginald Kidd and Vera McAlway. Vera told defendant not to interfere. Annie Cox was looking out of a nearby window and saw defendant shoot Reginald. Reginald was taken to the hospital for gunshot wounds in the stomach. Defendant first claimed that Vera had done the shooting. Then he said, "If it wasn't for you, I wouldn't have never shot him."

No error.

Judges PARKER and WEBB concur.